UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN FORREST CAREY and<br>MARJORIE L. CAREY,<br><br>      Plaintiff,<br><br>  vs.<br><br>JP BUSHNELL PACKING SUPPLY<br>COMPANY, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:11-CV-2050-JAR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Remand Pursuant to 28 U.S.C. § 1447 [ECF No. 5]. The matter has been fully briefed and oral argument was held on December 21, 2011. For the reasons set forth below, the Motion will be granted.

**Background**

On September 8, 2010, Plaintiffs filed suit against J.P. Bushnell Packing Supply Company, Inc. ("J.P. Bushnell") and Mine Safety Appliances Company ("MSA"), among others, for asbestos exposure in the Circuit Court of the City of St. Louis (Doc. # 9-1) ("the original lawsuit"). Plaintiffs voluntarily dismissed their lawsuit without prejudice on the day of trial, September 12, 2011 (Doc. # 9-15). Following dismissal, Plaintiffs re-filed their lawsuit against J.P. Bushnell and MSA, as well as against Oakfabco, Inc., and Union Carbide Corporation in the Circuit Court of the City of St. Louis on October 12, 2011 (Doc. # 3) ("the instant action"). Plaintiffs' claims against J.P. Bushnell and the other defendants herein are for negligence, strict liability, and willful and wanton conduct.

MSA removed the instant action to this Court on November 23, 2011 based on diversity jurisdiction, alleging Plaintiffs fraudulently joined J.P. Bushnell (Doc. #1). In its Notice of Removal, MSA contends joinder of J.P. Bushnell is fraudulent because there is no reasonable basis in fact or

law supporting Plaintiffs' claims against J.P. Bushnell, and because Plaintiffs have no real intention of prosecuting their action against J.P. Bushnell, citing Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995). On November 30, 2011, Plaintiffs filed their Motion to Remand requesting the Court remand the instant case to state court  (Doc. # 5).

**Legal Standard**

In Filla v. Norfolk Southern Railway Co., 336 F.3d 806 (8th Cir. 2003), the Eighth Circuit detailed the fraudulent joinder standard as follows. "It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Id. at 810 (citing Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977)). "However, if there is a 'colorable' cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Id. "Joinder is fraudulent where there exists no reasonable basis in fact and law supporting a case against the resident [defendant]." Id. See Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a colorable claim). "The Filla definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant." Johnson v. Travelers Ca. and Marine Ins. Co., 2011 WL 2899153, *1 (E.D. Mo., July 20, 2011).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th

Cir.1997). In deciding this issue, the Court may consider the pleadings and supporting affidavits. Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D.Mo.1995).

### Discussion

Plaintiffs allege Plaintiff John Carey contracted mesothelioma as a result of exposure to asbestos-containing products manufactured, sold and distributed by defendants. MSA argues Plaintiffs have provided no factual support for their allegations against J.P. Bushnell despite having had the opportunity to fully develop their evidence as to J.P. Bushnell in the original lawsuit; however, neither MSA nor J.P. Bushnell advanced a motion to dismiss or motion for summary judgment in the original lawsuit, and J.P. Bushnell remained a party defendant in the original lawsuit up to and including the day of trial.

The Court finds Plaintiffs have stated a colorable claim against J.P. Bushnell under Missouri law. In his deposition, Plaintiff testified he worked with or around "screw cases" at Eagle Picher that contained an asbestos "rope" used to seal them.  (Doc. # 9-2, p. 129:17-25; 130:1-25; 131:1-25; 132:1-20). Plaintiff's co-worker, Clifford Funk, also testified on deposition about the asbestos "string" around the "screw casings" at Eagle Picher, which "string" gave off "[q]uite a bit" of dust when handled. (Doc. # 9-5, p. 96:8-25; 97:1-25). Although Plaintiff and Funk were unable to identify the manufacturer of the "rope" or "string" by name, Plaintiffs contend the product is similar and consistent with the type of product distributed by J.P. Bushnell, relying on Bushnell's Answers to Interrogatories (Doc. # 10-4), and Index of Mechanical Packings (Doc. # 10-5).

MSA provides an affidavit from a J.P. Bushnell representative, Dennis Sullivan, President and Chief Executive Officer, stating that J.P. Bushnell never sold or distributed products or materials to Eagle Picher (Doc. # 9-16). The affidavit does no more than establish that J.P. Bushnell did not *directly* sell or distribute products to Eagle Picher. The Court cannot discern

from the affidavit whether J.P. Bushnell's products could have found their way to Eagle Picher after being incorporated into another manufacturer's product. At most, MSA has created a factual dispute on Plaintiffs' claims against J.P. Bushnell, which is for the state court to decide on remand. Gardner v. J.C. Penney Corp., Inc., 2005 WL 6267692 at *2 (E.D.Mo., May 2, 2005) (citing Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc., 157 F.Supp.2d 1018, 1029-1030 (N.D.Iowa 2001) (defendant "has done no more than generate a factual dispute on the elements of [plaintiffs] claim ... [which] does not satisfy [defendant's] heavy burden of proving fraudulent joinder, especially where all doubts should be resolved in favor of remand.") and In re Baycol Products Litigation, 2003 WL 22023391, *3 (D.Minn.2003) (remand proper when defendant's affidavit failed to establish that there was no cause of action that plaintiff could maintain against non-diverse defendant)).

In sum, Plaintiffs have made a colorable claim against J.P. Bushnell. MSA has not met its burden to show that joinder was fraudulent. Therefore, Plaintiffs' Motion to Remand must be granted.

Accordingly,

**IT IS HEREBY ORDERED** the Plaintiffs' Motion to Remand [ECF No. 5] is hereby **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 21st day of December, 2011.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE